IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JANE DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00166-P-BP |
| § | |
| CITY OF SPRINGTOWN, *et al.*, § | |
| § | |
| Defendants. § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

This civil rights action originally filed in state court and removed to this Court was referred to the undersigned pursuant to Special Order 3 on February 21, 2019. (ECF No. 4). Before the Court are Defendant City of Springtown's Motion and Brief to Dismiss Plaintiff's Original Petition and Request for Disclosures (ECF No. 2), filed February 21, 2019; Defendant Springtown Independent School District's 12(b)(6) Motion and Brief to Dismiss (ECF No. 6), filed March 7, 2019; Plaintiff's Response and Brief in Opposition to City of Springtown's Motion to Dismiss (ECF No. 11), filed March 28, 2019; Plaintiff's Amended Response and Brief in Opposition to Springtown Independent School District's Motion to Dismiss (ECF No. 15), filed April 2, 2019; Defendant City of Springtown's Reply Brief (ECF No. 16), filed April 11, 2019; and Defendant Springtown Independent School District's Reply (ECF No. 17), filed April 15, 2019.

In her Responses to the Motions to Dismiss, Plaintiff opposes the Motions and alternatively seeks leave to amend her petition. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark Pittman **GRANT** the Motions to Dismiss and **DISMISS** Plaintiff's claims against Defendants City of Springtown and Springtown Independent School District **WITHOUT PREJUDICE**, and allow Plaintiff an

opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Findings, Conclusions, and Recommendation within the fourteen days allotted for objections to this recommendation. If Plaintiff files an amended complaint within that time period, the Motions should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint.

## I. BACKGROUND

Plaintiff Jane Doe ("Doe") brought this action against Defendants City of Springtown ("Springtown") and Springtown Independent School District ("SISD") under 42 U.S.C. § 1983 and 20 U.S.C. § 1681, alleging that Franklin Carroll ("Carroll"), a Springtown Police Officer and SISD Student Resource Officer during the events in question, violated Doe's constitutional rights by sexually abusing and harassing her (ECF No. 1).

The following alleged facts are taken from Plaintiff's Original Petition and Request for Disclosures. *Id.* In 2009, the Springtown Police Department ("SPD") hired Carroll as a police officer, approximately three years after Carroll had last worked in law enforcement. (*Id.* at ¶ 11, 17). From Fall 2012 until October 2015, Carroll worked as the SISD School Resource Officer ("SRO") pursuant to an Interlocal Agreement between Springtown and SISD. (*Id.* at ¶ 18). This agreement provided that the SRO "shall provide a uniformed police presence to improve the safety of the students and faculty, and provide campus security." (*Id.* at ¶ 22). Under the agreement, SPD Chief of Police Ed Crowdis, now deceased, and SISD Superintendent Mike Kelley had the authority to assign an SRO to SISD. (*Id.* at ¶ 15, 23). The agreement also granted Crowdis and Kelley the authority "to establish and modify rules and regulations concerning the School Resource Officer's duties and schedule." (*Id.* at ¶ 23). The agreement provided that the "District shall be involved in the process of selecting the School Resource Officer." (*Id.* at ¶ 23).

Prior to Carroll's 2012 assignment as SRO, Springtown received at least two complaints related to Carroll's sexual or official misconduct toward female community members. (*Id.* at ¶ 19). The SPD did not open a criminal investigation into the allegations and did not notify the Parker County Sheriff's Department of the allegations. (*Id.* at ¶ 19). Carroll worked for the Mansfield Independent School District ("MISD") from April 2002 until April 2006 when he resigned, and an SPD background check showed that at least one female at MISD had filed a complaint about Carroll's conduct. (*Id.* at ¶ 16). In 2012 and 2013, the Springtown City Administrator approved two merit-based pay increases for Carroll. (*Id.* at ¶ 21). Plaintiff alleges that the SPD's culture tolerated sexual misconduct. (*Id.* at ¶ 21). In 2017, Carroll was convicted of indecency with a child by sexual contact. (*Id.* at ¶ 11).

Plaintiff was a Springtown High School student and younger than 17 when the events relevant to this lawsuit occurred. (*Id.* at ¶ 10). Under the Texas Education Code, the board of trustees of each school district must adopt and enforce a policy limiting interruption of classes for non-emergency announcements to once per day. (*Id.* at ¶ 24). Carroll often requested that the school's receptionist use the public address system to call Plaintiff out of her classes or other school activities, sometimes as many as three or four times per week and not for the purpose of carrying out his duties as SRO. (*Id.* at ¶ 24, 25, 26). Carroll's office had a covered window that prevented anyone from seeing inside, and Plaintiff argues that Springtown and SISD policy and custom endorsed the one-on-one meetings between Carroll and female students. (*Id.* at ¶ 25). Plaintiff alleges that during these meetings, Carroll periodically hugged her, kissed her, and touched her under her clothing, subjecting her to unwanted sexual contact. (*Id.* at ¶ 28). Plaintiff needed to seek counseling because of Carroll's actions. (*Id.* at ¶ 29).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of*

*Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

### III.  ANALYSIS

Springtown and SISD both move to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. Springtown and SISD argue that Plaintiff fails to sufficiently allege facts establishing that a Springtown or an SISD policymaker enacted a policy or custom that caused a violation of Plaintiff's constitutional rights.

Plaintiff brings claims against Springtown, SISD, and Carroll under 42 U.S.C. § 1983 and 20 U.S.C. § 1681(a). Plaintiff asserts § 1983 claims against Springtown and against SISD for deliberate indifference in adopting their policies for hiring School Resource Officers; § 1983

claims against Springtown and against SISD for failure to train and supervise; a § 1983 claim against Carroll; and a Title IX claim against SISD.

### A. Plaintiff fails to state § 1983 claims against Springtown for inadequate hiring policies or failure to supervise and train.

Plaintiff argues that Springtown's hiring policies were inadequate and that they led to Carroll's sexual misconduct toward her. (ECF No. 1 at ¶ 37). The Due Process Clause of the U.S. Constitution recognizes a public-school student's right to bodily integrity, protecting students from sexual abuse inflicted by municipal employees. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994). Title 42 U.S.C. § 1983 provides a cause of action to enforce this right. *Id.* "[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). To plead municipal liability under § 1983, the plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).

#### 1. Plaintiff fails to sufficiently allege official Springtown policies.

The first element of a § 1983 municipal liability claim requires the plaintiff to show an official policy. A municipality's official policy is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Plaintiff must specifically identify each policy that allegedly caused

6

constitutional violations, and the Court must determine whether each policy or custom is facially constitutional or unconstitutional. *M.D. by Stukenberg v. Abbott*, 907 F.3d 237 (5th Cir. 2018); *Piotrowski v. City of Houston*, 237 F.3d 567, 578–79 (5th Cir. 2001).

Plaintiff fails to specifically identify any policy or custom that caused a violation of her constitutional rights. She alleges that the SPD had a "culture that tolerated [sexual or official misconduct]," which could be construed as a custom of hiring people who engage in sexual misconduct. She does not allege sufficient facts, however, to show that this alleged custom was officially adopted by a Springtown official with policymaking authority or that tolerating sexual misconduct was a persistent, widespread practice of Springtown employees.

Plaintiff also argues that Springtown had a custom that permitted Carroll to meet in isolation with female students. She alleges that Carroll summoned female students to his isolated office on "numerous occasions." This statement, however, is insufficient to support claims that Springtown policymakers officially adopted a policy of allowing these meetings or that these meetings constitute a persistent, widespread practice of city employees that was common and well-settled. *See Johnson*, 958 F.2d at 94 (defining "official policy"). Plaintiff does not allege any facts about the city's training or supervision of Carroll or "those around him." (ECF No. 1 at ¶ 49).

### 2. Plaintiff fails to sufficiently allege an official policymaker.

The second element of a § 1983 municipal liability claim requires determining whether the person acting on behalf of the municipality was an official policymaker. The policymaker must have final policymaking authority and take the place of the governing body in a designated area of city administration. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Webster v. City of Houston*, 735 F.3d 838, 841 (5th Cir. 1984). A city's governing body may delegate policymaking authority expressly or implicitly. *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984).

Plaintiff appears to argue that SPD Chief Crowdis was an official policymaker, but she does not allege facts to sufficiently establish that he was an official policymaker of the city. Plaintiff also fails to allege facts to show that Crowdis had final policymaking authority or that the governing body of Springtown delegated policymaking authority to him, either expressly or implicitly.

> 3. **Plaintiff sufficiently alleges that the city's decision to hire Carroll as SRO was a moving force behind the constitutional violations, but she fails to allege that the city's training or supervision of Carroll was a moving force.**

Plaintiff alleges facts sufficient to establish that the SPD acted with deliberate indifference to the obvious unconstitutional consequences of its decision to hire Carroll as the SRO. To show that a policy is the moving force behind a constitutional violation, the plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. "Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a 'but-for' sense." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). Therefore, in order to avoid imposing *respondeat superior* liability upon municipalities, the plaintiff must also show that the policymaker acted with "deliberate indifference" to the policy's known or obvious unconstitutional consequences. *Id.* at 409–10. A poor hiring decision is not enough to show that the decision was a "moving force" behind the constitutional violation. *See generally id.*

Plaintiff alleges that Chief Crowdis knew before placing Carroll at Springtown High School that at least three other women or girls had complained about Carroll's misconduct.. This could lead to a reasonable inference that the chief acted with deliberate indifference toward the obvious consequence that Carroll would engage in sexual misconduct at SISD like he had done in the past. *Id.* However, Plaintiff does not allege that Springtown regularly hired police officers who

8

had been accused of sexual misconduct, so this one hiring decision cannot constitute an official policy. Additionally, Plaintiff does not allege facts to establish that the SPD had training and supervision policies that caused Carroll's misconduct.

### B. Plaintiff fails to state § 1983 claims against SISD for inadequate hiring policies or failure to supervise and train.

The definition of "official policy" set forth in *Johnson v. Moore* applies not only to municipalities but also to school districts. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). An "official policy" is either (1) a policy statement officially adopted and promulgated by an official with policymaking authority or (2) a persistent, widespread practice of district officials or employees that is so common and well-settled as to constitute a custom that fairly represents district policy. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).

#### 1. Plaintiff sufficiently alleges an official SISD hiring policy but does not allege an SISD supervision or training policy.

Plaintiff sufficiently alleges that the Interlocal Agreement, adopted by the superintendent, constitutes an SISD hiring policy. Plaintiff does not allege that the school board delegated policymaking authority to Superintendent Kelley so that the agreement was a policy statement officially adopted by someone with policymaking authority. Plaintiff does allege facts to establish that the agreement represents a persistent, widespread practice of SISD employees that fairly represents district policy. The fact that the agreement was signed by the SISD superintendent and applied to multiple schools within SISD supports an argument that the Interlocal Agreement represented a persistent, widespread practice of SISD employees that is common and well-settled.

Plaintiff also argues that SISD had a custom that permitted Carroll to meet in isolation with female students, but she fails to plead facts to support this. Plaintiff's allegation concerning Carroll's one-on-one meetings with female students in his office on "numerous occasions" is not

sufficient to support a claim that SISD officially adopted a policy of allowing inappropriate or illegal conduct at such meetings or that these meetings constituted a persistent, widespread practice of city employees that was common and well-settled. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (defining "official policy").

Plaintiff does not allege any facts about SISD's training of Carroll or "those around him." (ECF No. 1 at ¶ 49). She seems to argue that SISD should have increased its training, but this statement is not enough to establish the first element of this claim.

### 2. Plaintiff fails to allege an official SISD policymaker.

Plaintiff does not show that an SISD policymaker officially adopted a policy that led to violations of her constitutional rights. The school board has sole, final policymaking authority over a school district unless it delegates that authority to principals and superintendents. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1251 (5th Cir. 1993). The SISD superintendent signed and adopted the Interlocal Agreement, but Plaintiff does not allege that he had final policymaking authority for Springtown High School because the SISD board of trustees delegated it to him or to anyone else at SISD. *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1251 (5th Cir. 1993). Nor does Plaintiff allege that the board signed the Interlocal Agreement or participated in allowing Carroll to meet in isolation with female students. Only the board had final policymaking authority, and Plaintiff has not alleged that an official SISD policymaker approved or promulgated the Interlocal Agreement.

### 3. Plaintiff fails to sufficiently allege that SISD policies were the moving force behind the violations of her constitutional rights.

Even though Plaintiff pleads facts to show that the Interlocal Agreement was an official policy, she does not sufficiently allege that the agreement was promulgated by an official policymaker or that it was the moving force behind Carroll's misconduct. For an official policy to

be the moving force behind the violation of a plaintiff's constitutional rights, the plaintiff must show that the policymaker acted with "deliberate indifference" to the policy's known or obvious unconstitutional consequences *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety. *Ramos v. Webb Consol. Indep. Sch. Dist.*, 724 Fed. App'x 338, 340 (5th Cir. 2018). Plaintiff does not allege that anyone at SISD knew about Carroll's past misconduct allegations, so she cannot argue that anyone at SISD disregarded an excessive risk to her safety.

### C. Plaintiff fails to state a Title IX claim against SISD.

Title IX states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). Title IX is enforceable through an implied private right of action, and monetary damages are available in that action. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281 (1998) (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979); *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60 (1992)). Sexually harassing a student because of the student's sex constitutes discrimination based on sex. *Gebser*, 524 U.S. at 282–83. A plaintiff cannot recover on a Title IX claim on principles of *respondeat superior* or constructive notice. *Gebser*, 524 U.S. at 285. "[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [funding] recipient's behalf has actual knowledge of discrimination in the [funding] recipient's programs and fails adequately to respond." *Gebser*, 524 U.S. at 277, 290. "[L]iability under Title IX arises not from the discrimination or harassment itself but from 'an official decision by the [funding] recipient not to

remedy the violation.'" *Salazar v. S. San Antonio Indep. Sch. Dist.*, 690 Fed. App'x 853, 858 (5th Cir. 2017) (citing *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 642 (1999)).

Plaintiff properly alleges that SISD is an education program receiving federal financial assistance. (ECF No. 1 at ¶ 54). She fails, however, to allege that any SISD officials had actual knowledge of Carroll's abuse of Doe. Therefore, Plaintiff's Title IX claim should be dismissed.

### IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Defendants' Motions to Dismiss (ECF Nos. 2 and 6), **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants City of Springtown and Springtown Independent School District, and allow Plaintiff an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Findings, Conclusions, and Recommendation within the fourteen days allotted for objections to this recommendation. If Plaintiff files an amended complaint within that time period, the Motions should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on August 26, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE