IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00166-P |
| | § | |
| CITY OF SPRINGTOWN et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge Hal R. Ray, Jr. (ECF No. 49), filed November 26, 2019; Plaintiff Jane Doe's Objections thereto (ECF No. 50), filed December 10, 2019; and Defendant City of Springtown's ("City") Response (ECF No. 51), filed December 23, 2019.

Following a de novo review of the FCR, the Plaintiff's objections and City's response, the motion-to-dismiss briefing, applicable law, and all relevant matters in the record of this case, the Court **OVERRULES** Plaintiff's Objections regarding the Magistrate Judge's Findings and Conclusions and **ACCEPTS** the Recommendation of the Magistrate Judge that City's Second Motion to Dismiss be **GRANTED**.

## PROCEDURAL BACKGROUND[1]

Plaintiff filed the instant lawsuit against City, Springtown Independent School District ("SISD"), and Frank Carroll, alleging violations of 42 U.S.C. §§ 1983 & 1989, and 20 U.S.C. § 1681(a), arising out of Carroll's conduct that eventually resulted in his conviction for indecency with a child by contact. *See* ECF No. 1; *see also Carroll v. State*, No. 02-18-00477-CR, 2020 WL 938189, at *1 (Tex. App.—Fort Worth Feb. 27, 2020, no pet. h.). At present, Plaintiff's live pleading is her First Amended Complaint ("FAC"), *see* ECF Nos. 33, 44, and the only claim Plaintiff asserts against City is for violations of § 1983. *See* ECF No. 38 at 2.

City filed a Second Rule 12(b)(6) Motion to Dismiss ("MTD") (ECF No. 36). Plaintiff filed a Response ("MTD Resp.") (ECF No. 38), and City filed a Reply (ECF No. 43). The Magistrate Judge issued his FCR (ECF No. 49) in which he recommends granting City's MTD and dismissing all of Plaintiff's claims against City with prejudice. Plaintiff filed Objections (ECF No. 50) ("Obj."), and City filed a Response (ECF No. 51). The FCR and Objections are now ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) requires the district court to review de novo the portions of a magistrate judge's recommendation regarding dispositive motions to which a party has properly objected. FED. R. CIV. P. 72(b)(3). Based on its review, the

---

[1]The Court incorporates the FCR's discussion of the facts into this Order.

district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## ANALYSIS

In its Second MTD, City asserted two primary arguments for dismissal: (1) Plaintiff failed to allege an official policy because Plaintiff's allegations were directed at the City's police chief and the chief was a decisionmaker regarding Carroll's position as a School Resource Officer ("SRO") at SISD, not a policymaker; and (2) Plaintiff failed to allege that any policymaker was aware of Carroll's conduct. MTD at 4–5. Plaintiff responded that the several Interlocal Agreements—the agreements between City and SISD that concern the providing of SROs such as Carroll to SISD—states that the Springtown Police Department's ("SPD") police chief, Ed Crowdis, had authority to assign or remove a SRO, and thus the Interlocal Agreements constitute a hiring policy for City. MTD Resp. at 6. In its Reply, City distinguished Plaintiff's authorities and further asserted without conceding that even if Chief Crowdis was a policymaker, Plaintiff's claims should still be dismissed because the allegations are devoid of specific facts that showed Carroll had prior improper conduct, that City failed to investigate this conduct, and that Chief Crowdis and/or the City had thus demonstrated deliberate indifference. *See* Reply in Supp. of MTD.

After considering the briefing, the Magistrate Judge recommended Plaintiff's § 1983 claims be dismissed for several reasons: (1) Plaintiff could not show that Chief Crowdis was an official policymaker, which meant that Plaintiff failed to allege that Crowdis's acts of hiring and retaining Carroll as an SRO constituted an official policy; (2) Plaintiff failed to allege facts showing that SPD had an official policy tolerating sexual

3

misconduct or that City had an official policy allowing Carroll to meet alone with female students; (3) Plaintiff failed to sufficiently allege that City had an official training policy or that the Interlocal Agreements were a moving force behind the sexual abuse; and because (4) Plaintiff had already been granted leave to amend, so she had apparently already pleaded her best case. *See* FCR at 4–11.

Plaintiff makes five objections to the FCRs. *First*, Plaintiff objects to the FCR conclusion[2] that Plaintiff failed to allege that hiring and retaining Carroll was official policy because Plaintiff did not "show" that Chief Crowdis was an official policymaker. Obj. at 2–4. *Second*, Plaintiff objects to the FCR conclusion that Plaintiff failed to allege that SPD had an official policy of tolerating sexual misconduct. *See id.* at 4–6. *Third*, Plaintiff objects to the FCR conclusion that Plaintiff failed to sufficiently allege that City had an official policy that permitted Carroll to meet alone with female students. *See id.* 6–7. *Fourth*, Doe objects Plaintiff objects to the FCR conclusion that Plaintiff failed to sufficiently allege an official City training policy that was the moving force behind the sexual abuse. *See id.* at 7–8. And *fifth*, Plaintiff objects to the FCR conclusion that Plaintiff failed to sufficiently allege that the Interlocal Agreement was a moving force behind the sexual abuse. *See id.* at 8–9. The Court considers each objection in turn.

## A. Objection 1 is overruled

It is well-established that a city is not liable under § 1983 on the theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Valle v.*

---

[2]Although the Objections challenge the FCR headings as erroneous (*see, e.g.*, Obj. at 2, 4, etc.), the Court construes Plaintiff as objecting to the conclusions that were also stated in headings.

4

*City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Rather, a municipality is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Thus, to state a claim for municipal liability under § 1983 for the actions of a government employee, a plaintiff must plead, *inter alia*, a policymaker and an official policy. *See id.* ("Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."). The failure to allege an official policy from a policymaker will prevent a plaintiff from stating a claim. *Self v. City of Mansfield, Tex.*, 369 F. Supp. 3d 684, 700 (N.D. Tex. 2019) (Fish, J.).

Whether a particular official has final policymaking authority is a question of state law, and the identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Indeed, an official may have the authority to promote, discipline, and supervise a municipal employee, but the official may still not be considered a policymaker, only a decisionmaker. *See Bolton v. City of Dallas*, 541 F.3d 545, 549 (5th Cir. 2008) (affirming "that discretion to exercise a particular function does not necessarily entail final policymaking authority over that function"); *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1246 (5th Cir. 1993) (explaining that although an official "may have been delegated the final decision in the cases of [certain employment matters] does not mean that he had or had been delegated the status of policymaker, much less final policymaker" in those matters).

Plaintiff's allegations that Chief Crowdis enjoyed the discretion, even final discretion, to hire and retain, as well as supervise, schedule, and discipline Carroll do not demonstrate that Crowdis was a policymaker, and thus do not demonstrate that his acts constituted an official City policy to support a § 1983 claim. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986) ("The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."); *Webster v. City of Houston*, 735 F.2d 838, 841–42 (5th Cir. 1984). Because Plaintiff failed to allege facts supporting that Crowdis was a policymaker, she likewise failed to allege a policy based on widespread custom. *See Valle*, 613 F.3d at 544 ("Although Captain Williams's decision to order entry into the home was arguably the 'moving force' behind the constitutional violations that resulted in Esparza's death, because his decision was not a decision by a final policymaker of the City, the City cannot be liable.").

In her Objections, Plaintiff asserts what appears to be a new argument: Texas police chiefs are final policymakers as a matter of law. Obj. at 3. Plaintiff sets forth three cases—*Garza v. City of Donna*, 922 F.3d 626, 637 (5th Cir. 2019); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847–48 (5th Cir. 2009); and *Lewis v. Pugh*, 289 F. App'x 767, 776 (5th Cir. 2008)—as standing for the proposition. *Id.* This argument was not made in Plaintiff's MTD Response in which she asserted that the Chief Crowdis was a policymaker in this instance pursuant to the 1999 and 2013 Interlocal Agreements. *See* MTD Resp. at 10–11. The Court is not required to consider arguments raised in objections that were not presented to the Magistrate Judge. *See Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 3:18-CV-00243,

2020 WL 1431602, at *1 (S.D. Tex. Mar. 23, 2020) (citing *Freeman v. Cty. Of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994)).

However, even if the Court were to consider this argument, the Court rejects it. *First*, the Court finds Plaintiff's first two cases factually distinguishable as *Garza* concerned a jail inmate who had hanged himself and *Peterson* concerned excessive force police force.[3] *See Garza*, 922 F.3d at 631–32; *Peterson*, 588 F.3d at 843–44. *Second*, Plaintiff's remaining case is an unpublished per curiam opinion, in which the Fifth Circuit affirmed the district court's grant of summary judgment in favor of the city and police chief on the plaintiff's § 1983 claim. In affirming summary judgment, the Fifth Circuit stated that it was "undisputed that [the police chief] is a final policymaker . . . ." *Lewis*, 289 F. App'x at 776. Indeed, *Garza* cited *Lewis* in recognition that the Fifth Circuit had "previously found that Texas police chiefs are final policymakers for their municipalities" and that the fact "has often not been a disputed issue in the cases." *Garza*, 922 F.3d at 637. However, the Court does not read these Fifth Circuit cases as holding that a police chief is a final policymaker as a matter of law, only that the Fifth Circuit has previously found a police chief to be a policymaker and that the contention is not often disputed. *See id.* Here, City does dispute that Chief Crowlis was a final policymaker based on the factual allegations of this case. The Court agrees with the Magistrate Judge's reasoning that Plaintiff has failed to plead facts to support such an allegation.

---

[3]The Court also notes that both cases affirmed the district courts' grants of summary judgment in favor of the municipalities.

7

Plaintiff also argues that the Interlocal Agreements show that final policymaking authority was delegated to the police chief. Obj. at 4. The Court rejects that argument. Plaintiff not only failed to allege specific facts showing that the Interlocal Agreements delegated policymaking authority to the police chief, Plaintiff affirmed in her First Amended Complaint that the Interlocal Agreements provided that the "District shall be involved in the process of selecting the School Resource Officers." FAC at ¶ 25. Thus, the Interlocal Agreements on their face provide that Chief Crowdis was not the sole decisionmaker, let alone the final policymaker, as it related to Carroll's assignment as an SRO.

Therefore, Plaintiff's first objection is **OVERRULED.**

**B.     Objection 2 is overruled**

Plaintiff's second objection is to the conclusion that City (through SPD) did not have an official policy of tolerating sexual misconduct. Obj. at 4–6. Plaintiff asserts that a single act may give rise to liability if the act is from a final policymaker. *Id.* at 6. Because, as discussed above, Chief Crowdis was not an official policymaker, one act by Crowdis here would not give rise to City's liability. *See Valle*, 613 F.3d at 542.

Plaintiff's second objection also includes the argument that she alleged sufficient facts to show deliberate indifference on the part of Crowdis. Obj. at 5–6. Under *Board of Cty. Comm'rs v. Brown*, the Supreme Court explained that "deliberate indifference" to the "known or obvious consequences" of a hiring decision can amount to a constitutional violation on the part of the decisionmaker, but "[a] showing of simple or even heightened negligence will not suffice." 520 U.S. 397, 407 (1997). Deliberate indifference is a

"stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Brown*, 520 U.S. at 410). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Proof of more than a single instance of lack of supervision causing a violation of constitutional rights is required before such lack of training can constitute deliberate indifference. *Thompson v. Upshur Cty*, 245 F.3d 447, 458 (5th Cir. 2001). Indeed, the plaintiff must allege that the municipality or supervisor had notice of a pattern of prior acts "fairly similar to what ultimately transpired." *Davis*, 406 F.3d at 383; *see also Thompson,* 245 F.3d at 458.

For Chief Crowdis to have acted with deliberate indifference, he must both be aware of more than one instance involving Carroll from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). The Court agrees with the Magistrate Judge that Plaintiff's vague factual allegation that prior to assigning Carroll to SRO in 2012, "[City] [had] received at least two complaints related to Carroll's sexual or official misconduct toward female members of the community[,]" including for sexual harassment (FAC at ¶ 36), do not meet this stringent standard of fault. FCR at 8–9.

Plaintiff's second objection is **OVERRULED.**

## C. Objection 3 is overruled

Plaintiff's third objection is to the conclusion that City did not have an official policy that permitted Carroll to meet alone with female students. Obj. at 6–7. The Magistrate Judge correctly noted that Plaintiff's allegations regarding Carroll removing female students from class to meet alone with them are vague. FCR at 9. The First Amended Complaint could be read as describing either one or two alleged instances of Carroll meeting in isolation with female students. *Id.* Regardless, as noted above, Plaintiff did not allege a widespread practice or one that was sanctioned by any policymaker. Thus, Plaintiff has failed to allege a custom so widespread that it constituted a persistent practice, such that liability would attach to City. *See Gros v. City of Grand Prairie*, 209 F.3d 431, 433–34 (5th Cir. 2000).

Therefore, Plaintiff's third objection is **OVERRULED.**

## D. Objection 4 is overruled

Plaintiff's fourth objection challenges the FCR's conclusion that Plaintiff had failed to allege an official City training policy was the moving force behind the sexual abuse. Obj. at 7–8. In her First Amended Complaint, Plaintiff alleges that City was unreasonable for "placing Carroll in [position of meeting alone with female students] without increased training for those around him on the requirements for keeping students in class, and monitoring SRO reports to determine why he was meeting with particular students with such frequency." FAC at ¶ 97. Thus, Plaintiff's contention is that it is the *absence* of an official policy rather than a policy itself that was the moving force behind the sexual abuse. *Id.* The Magistrate Judge considered this argument when he characterized Plaintiff as

alleging that City "failed to adequately train Carroll," and that City "acted unreasonably by placing Carroll in the SRO position 'in an isolated office, without adequate training,'" and "without increased training of those around him." FCR at 9–10.

In her Objections, Plaintiff refines her arguments to assert that a failure-to-train allegation must reflect deliberate indifference to the constitutional rights of [City's] inhabitants." Obj. at 7 (quoting *City of Canton v. Harris*, 489 U.S. 379, 392 (1989)). However, as held above, Plaintiff did not plead facts demonstrating deliberate indifference as to training. The fact of the horrendous underlying circumstance is not sufficient to support an allegation that better training policies from City would have prevented Carroll's actions from having occurred. *See Brown*, 520 U.S. at 410 (recognizing that "there is a particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself" because "[e]very injury suffered at the hands of a municipal employee can be traced to a hiring decision in a 'but-for' sense: But for the municipality's decision to hire the employee, the plaintiff would not have suffered the injury").

Plaintiff's fourth objection is **OVERRULED.**

### E. Objection 5 is overruled

Plaintiff's fifth and final objection is to the conclusion that Plaintiff failed to sufficiently allege that the Interlocal Agreements—the agreement by which SPD provides SROs to SISD—was a moving force behind the sexual abuse. Obj. at 8–9. The Court agrees with the Magistrate Judge that Plaintiff failed to allege facts that demonstrate any

11

direct causal link between the Interlocal Agreements and Carroll's criminal conduct. FCR at 10–11.

Plaintiff's fifth objection is **OVERRULED.**

## CONCLUSION

Therefore, it is **ORDERED** that City of Springtown's Motion to Dismiss (ECF No. 36) is hereby **GRANTED**. Plaintiff's claims against City of Springtown are **DISMISSED with prejudice.**

**SO ORDERED** on this **14th day** of **April, 2020**.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE